

140 Grand Street, Suite 705, White Plains, New York 10601
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com

White Plains, NY
Atlantic City, NJ

May 8, 2026



**Via ECF**

Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

> **Re:** *3086 Purchase LLC v. The Town/Village of Harrison, et al.*,
> **No. 7:25-cv-9917-JGLC**

Dear Judge Clarke:

Pursuant to Local Rule 37.2 and Rule 4(k) of Your Honor's Individual Rules and Practices in Civil Cases, Defendant Old Oaks Country Club, Inc. (the "Club") submits this letter jointly with Defendants the Town/Village of Harrison, Andrea Rendo, and Rocco Germani ("Town Defendants") to respectfully renew their request to stay discovery pending resolution of their fully briefed motion to dismiss. We have conferred with counsel for Plaintiff 3086 Purchase LLC ("Plaintiff"), which has set forth its position below.

Pursuant to Fed. R. Civ. Pro. 37(a)(1) and Individual Rule 4(k), the Club, Plaintiff, and the Town Defendants held a telephonic meet and confer on May 4, 2026, at 4:00 p.m, which lasted for approximately 15 minutes. Counsel involved included Jason Swergold and Edward Phillips for the Club, Tyler Halloran and Kate Hunt for Plaintiff, and Steven Harfenist for the Town Defendants. With the benefit of the parties' recently completed briefing, the Club and Town Defendants renewed their contention that discovery should be stayed. Plaintiff's position is that discovery should not be stayed.

**Defendants' Position**

First, as demonstrated by the Club's fully briefed motion to dismiss, incorporated by reference herein, Plaintiff's claims are subject to dismissal. In denying the initial motion to stay discovery, the Court found that the Club had "filed a potentially meritorious motion [to dismiss]" but was unable to "fully assess" the merits of the motion to dismiss without Plaintiff's opposition. With the benefit of full briefing (*see* ECF Nos. 34, 48, 52), the Court can now assess the motion to dismiss, which demonstrates that Plaintiff's claims are completely without merit, and in particular, Plaintiff's RICO claim is frivolous.

Second, conducting document discovery and depositions in this case would be unreasonably burdensome. The Club and Plaintiff are still litigating a New York State court action in which Plaintiff has asserted nuisance and trespass claims against the Club, which has required the Club to collect hundreds of thousands of electronic documents from five different custodians. The court has ordered party depositions to proceed on May 15, 18 and 19, 2026. Plaintiff has



taken the same scorched-earth approach to discovery in this case, requesting 19 overbroad categories of documents, and will likely seek to depose numerous Club members whose only connection to Plaintiff's meritless allegations about a children's playhouse is their membership at Old Oaks.[1]  Given the frivolous nature of Plaintiff's claims in this case, a stay is appropriate to protect Oak Oaks against what will otherwise be unnecessary and significant litigation expenses.

Third, as the Court previously observed, Plaintiff "has not demonstrated a particular risk of unfair prejudice."  (ECF No. 45).

The Town Defendants' briefing likewise establishes that Plaintiff's claims against them should be dismissed.  Moreover, the prosecutorial and qualified immunity defenses asserted by the Town prosecutor and building inspector weigh heavily in favor of a stay because such defenses are intended to protect them not just from liability, but also from "the burdens of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).

### Plaintiff's Position

As the Court recognized in its Order denying Old Oaks' first motion to stay discovery, "[t]he filing of a motion to dismiss does not automatically stay discovery."  ECF No. 45 at 1. Courts consider: (1) whether a defendant has made a "strong showing" that claims are unmeritorious, (2) the breadth and burden of discovery, and (3) the risk of unfair prejudice.  *Id.* As before, each factor disfavors a stay.

**Defendants still fail to make a strong showing that Plaintiff's claims are unmeritorious.**  Old Oaks claims that Plaintiff's Opposition makes clear that its claims are unmeritorious—but notably fails to point to a single fact or legal argument justifying its claim.  As explained in the Opposition, there is ample evidence of coordination between Old Oaks and the Town, including, *inter alia*, (1) Old Oaks' counsel's contemporaneous email correspondence regarding the subject matter of the violations around the time of the issuance of the November 2024 Summons, (2) that Plaintiff's Property was viewed from Old Oaks, (3) that the November 2024 Summons was issued without providing an opportunity to cure immediately after Plaintiff filed the Article 78 proceeding relating to Old Oaks, and (4) that the code enforcement officer who stated that he "brought back what was asked of [him] to bring back."  *See* ECF No. 48 ("Opp.") at 34-37.

Notably, Old Oaks has attached to its reply email correspondence between Mr. Ward-Willis and Town officials—which relates to "tree removal permits" and "tree permits" on Plaintiff's Property—that is dated immediately before, during, and after the November 2024 Summons was issued.  *See* ECF No. 53-1 at 3, 5.  This email correspondence extinguishes any doubt Mr. Ward-Willis was involved in the issuance of the retaliatory November 2024 Summons. Moreover, Mr. Ward-Willis requested all of Plaintiff's building permits, *id.* at 3, which confirms that he was working with the Town to hoover up information that he could use against Plaintiff.

---

[1] Indeed, in the criminal case pending against Plaintiff in the Town/Village of Harrison Justice Court, Plaintiff has issued improper subpoenas for documents and phone records for ten Club members, all of which are subject to pending motions to quash.



*See Anilao v. Spota*, 774 F. Supp. 2d 457, 499 (E.D.N.Y. 2011) ("When the private actor takes a more active role, however, and jointly engages in action with state actors, he will be found to be a state actor.").

Moreover, in the Town Defendants' responses to Plaintiff's Requests for Admissions, the Town admitted that the playhouse was measured and confirmed to be under 15 feet—yet, shockingly, the Town has not dismissed the charge. *See* Exhibit A at No. 24 (admitting that a code enforcement officer measured the playhouse and "confirmed that the Playhouse is less than 15 feet tall"). **To be clear, this means that the Town is currently prosecuting Plaintiff for a charge that it has admitted to be false**. Even worse, Defendant Rendo appeared in court on April 30, 2026 (three days after the Town and Defendant Germani admitted the playhouse is under 15 feet) and confirmed readiness to proceed to trial on the demonstrably false charge. This confirms the Town and Defendant Rendo's bad faith in prosecuting Plaintiff, requiring exception from the *Younger* doctrine. *See* Opp. at 13-14.

Defendants do not even dispute that the Town acted in retaliation for the Article 78 filing, and so Plaintiff's First Amendment claim cannot be dismissed unless the Court finds that a reasonable jury could not find that the code enforcement officer lacked probable cause. *Id*. at 30. The Town's admission that the playhouse is under 15 feet further demonstrates the lack of probable cause—because if the code enforcement officer originally had measured the playhouse directly on site as is customary (and not only viewed it from hundreds of feet away on a neighboring property, *i.e.*, Old Oaks, which Defendants would have the Court believe had no involvement in this retaliation) he would have confirmed that the playhouse is not over 15 feet tall (as he later did). *See id*. at 28-30.

The Town Defendants' arguments favoring a stay make no sense. First, they forget that they did not raise any qualified immunity defense in their motion to dismiss. *See generally* ECF No. 38. Second, the Town Defendants also forget that Defendant Germani did not even raise a qualified immunity defense in his Answer. *See* ECF No. 29 at 12-13. And Third, Defendant Rendo's prosecutorial immunity defense does not warrant a stay for all the reasons explained in the Opposition, but particularly because it has no impact on Plaintiff's claim for injunctive relief. *See* Opp. at 16-22. And none of these immunities would function to dismiss Plaintiff's claims against the Town—meaning even if all of them applied (they do not), discovery still should not be stayed.

At bottom, Defendants have made no effort to explain to the Court why Plaintiff's Opposition strongly shows that Plaintiff's claims are unmeritorious—and its conclusory argument is contradicted by the allegations in the Complaint and the discovery that has occurred to date.

**Defendants fail to show any particular burden of responding to discovery.** As before, the Court found previously, "Defendants have not demonstrated any particular burden in responding to discovery." ECF No. 45 at 1. The state court litigation involves claims of nuisance, trespass, and negligence arising from Old Oaks' golf ball incursions, unauthorized water diversion, and unauthorized construction. By contrast, this litigation concerns the enforcement of violations relating to conditions on Plaintiff's Property. Old Oaks claims that discovery will be burdensome merely because Plaintiff served 19 document requests and will seek depositions is unsupported by



any authority suggesting that amount of discovery would be burdensome. Simply put, Old Oaks "makes no claim that discovery is likely to be particularly broad or that they will face any particular burden in responding to requests." *Celebrity Fund Management LLC v. Humans, Inc.,* 1:24-cv-05282, ECF No. 33 at 1-2 (S.D.N.Y. 2024) (Clarke, J.).

**Plaintiff will be prejudiced by a stay.** The little discovery that has occurred to date has already confirmed that the Town is prosecuting a false charge against Plaintiff. *See* Exhibit A at No. 24 (admitting the playhouse is under 15 feet). The Town Defendants have refused to answer nearly every other of Plaintiff's Requests for Admissions on dubious grounds. Three examples, of many, include that the Town refused to admit or deny that: (1) the Town provided Mr. Ward-Willis access to documents regarding Plaintiff in November 2024 (despite that documents reflecting this fact have been filed on the docket by Old Oaks), (2) that a code enforcement officer did not visit Plaintiff's Property to inspect the playhouse prior to issuance (remarkably, on the grounds that the term "visit" is vague), and (3) that other properties in Harrison do not have playhouses under 15 feet tall (because the Town "lacks knowledge…after a reasonable inquiry"). *See* Ex. A at No. 12, 18, 42.[2] Now, Defendants seek to stay discovery before discovery reveals further evidence that the Town is prosecuting a retaliatory and false charge against Plaintiff in coordination with Old Oaks.

Simply put, Plaintiff "would suffer prejudice from a stay, as it would delay [its] ability to gather relevant evidence needed to prosecute [its] claims[.]" *Khan,* 757 F. Supp. 3d at 336 (collecting cases).

Respectfully submitted,

YANKWITT LLP

By: _____
Russell M. Yankwitt
Jason M. Swergold
*Counsel for Old Oaks Country Club, Inc.*

cc:    All counsel

<span style="color:blue">Application DENIED. The Court already ruled on Defendants' requested stay of discovery. Discovery shall proceed as ordered. The Clerk of Court is directed to terminate ECF No. 54.</span>

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge
Dated: May 11, 2026
        White Plains, New York

_____

[2] Plaintiff has reached out to the Town Defendants' counsel to meet and confer regarding their responses and hopes to avoid burdening the Court with a discovery dispute.