

140 Grand Street, Suite 705, White Plains, New York 10601
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com

White Plains, NY
Atlantic City, NJ

June 22, 2026

**MEMO ENDORSED**

<u>**Via ECF**</u>
Honorable Victoria Reznik
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re:** *3086 Purchase LLC v. The Town/Village of Harrison, et al.*, **25-cv-9917-JGLC-VR**

Dear Judge Reznik:

Pursuant to Local Rule 37.2 and Section 2(A) of Your Honor's Individual Practices, Defendant Old Oaks Country Club, Inc. (the "Club") respectfully submits this letter seeking a pre-motion conference regarding its anticipated motion for a protective order. As set forth below, the Club will seek a protective order in response to Plaintiff's improper attempt to subpoena the Club's privileged communications from non-parties Alston & Bird LLP ("Alston") and Simpson Thacher & Bartlett LLP ("Simpson," and collectively, the "Law Firms"). *See* Exhibit A. Following a pre-motion conference and briefing, the Court should grant the requested protective order.

**A.  Relevant Background**

For more than 100 years, the Club has operated a country club with a golf course, practice facilities and other amenities available to its private membership. Plaintiff is a limited liability company that owns a single-family home that borders the Club's golf course on two sides. Plaintiff's members, Justin and Kerri Hamill, purchased the home in 2021. Since 2023, the Club has faced a constant barrage of threatened legal actions and litigations initiated by Plaintiff. On March 5, 2025, Plaintiff commenced an action against the Club in the Supreme Court, Westchester County, alleging claims for private nuisance and trespass, which remains pending before Justice Nancy Quinn Koba (the "State Court Action"). Then, on November 26, 2025, Plaintiff commenced the instant action against the Club and the Town/Village of Harrison (the "Town") and certain of its employees, alleging federal constitutional and civil racketeering claims arising out of the Town's enforcement of its zoning laws to a children's playhouse in Plaintiff's backyard.[1]

As relevant here, the parties in the State Court Action are currently litigating the Club's inclusion on its privilege log of privileged communications involving Michael Hefter, a partner at Alston, and Nicholas Goldin and Joseph Kaufman, both partners at Simpson.[2] Hefter, Goldin, and Kaufman comprise the Club's Law Committee (the "Law Committee Members"), which is

---

[1] Relatedly, in the Town of Harrison Justice Court, Plaintiff is charged with violations of the Town's code, and has repeatedly issued subpoenas to Club members, employees, and representatives. Plaintiff also previously commenced an Article 78 proceeding against the Club on November 17, 2024, which has now been disposed of.

[2] We are advised that Mr. Kaufman recently retired.



empowered by the Club's By-Laws to "render general legal advice as required to the Club's President, Board of Governors, General Manager, and Committee chairs," and "subject to approval of the President and the Board of Governors . . . engage independent attorneys as may from time to time be needed to represent the Club in litigation and other matters affecting the Club."

Plaintiff served the Law Firms with subpoenas on June 8 seeking production of, among other things, documents that are clearly the privileged communications of the Law Committee members that may be housed on the Law Firms' servers. The subpoenas are returnable on July 1, 2026, two weeks after fact discovery was scheduled to close.[3] On June 17, 2026 at 10:00 a.m., counsel for Plaintiff and the Club participated in a meet and confer via Microsoft Teams, which lasted for nine minutes. At the conclusion of the meet and confer, the Club's counsel advised Plaintiff's counsel that the parties were at an impasse and that the Club would be requesting a conference with the Court.

### B. Applicable Law

Federal Rule of Civil Procedure 26(c)(1)(A) provides that "[a] party . . . may move for a protective order in the court where the action is pending," and "[t]he court may, for good cause, issue an order . . . forbidding the disclosure or discovery." As the holder of the attorney-client privilege, the Club has standing to challenge the subpoenas to the Law Firms. *See Hughes v. Twenty-First Century Fox, Inc., et al.*, 327 F.R.D. 55, 57 (S.D.N.Y. 2018) ("Parties generally do not have standing to object to subpoenas issued to non-party witnesses [but] exceptions are made for parties who have a claim of some personal right or privilege with regard to the documents sought," including "claims of attorney-client privilege"); *see also Estate of Ungar v. Palestinian Authority*, 332 Fed. App'x 643, 745 (2d Cir. 2009) ("Because Orascom was claiming a privilege regarding the materials sought in the subpoena, it had standing to challenge the subpoena served on White & Case LLP.").

### C. A Protective Order Should Be Granted

Plaintiff's attempt to obtain documents withheld in the State Court Action by issuing subpoenas to the Law Firms for the same documents is an obvious attempt to end-run around Justice Koba's forthcoming adjudication of the privilege issues in that action. On that basis alone, the Court should issue a protective order staying compliance with the subpoenas pending a ruling in the State Court Action.

To the extent that this Court addresses the propriety of the subpoenas, it should issue a protective order forbidding the disclosure of the Law Committee Members emails that are indisputably privileged. It is well-established that "[c]ommunications with in-house counsel in the role of attorney-advisor are afforded the same protection as outside counsel[.]" *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 70 (S.D.N.Y. Sep. 23, 2010). Here, the Club's Law Committee is specifically empowered to operate as the Club's in-house counsel. Since June 2023 when Plaintiff first threatened legal action, the Law Committee members have provided legal advice to the Club

---

[3] The Court has since granted Plaintiff's motion to extend the discovery deadline by 60 days.



in connection with matters relating to the parties' dispute or in anticipation of eventual litigation.[4] *See Kraus v. Brandstetter*, 185 A.D.2d 300, 301 (2d Dept. 1992) (reversing order of the trial court and holding that reports issued by a hospital's Law Committee, which was comprised of attorneys and whose "function and purpose" was to address "legal concerns," were attorney-client privileged); *Lead Creation Inc. v. Partnerships & Unincorporated Associations identified on Schedule A*, 668 F. Supp. 3d 302, 308 (S.D.N.Y. 2023) (member of Infringement Committee's communications were privileged because his relationship with Plaintiff was "analogous to the relationship that an in-house counsel has with his corporate employer"). Alternatively, the Law Committee Members' emails are also work product because they reflect their legal analysis, conclusions, theories, and strategies. *See Haugh v. Schroder Inv. Mgmt. N. Am. Inc.*, No. 02 CIV.7955 DLC, 2003 WL 21998674, at *4 (S.D.N.Y. Aug. 25, 2003) ("The [work product] doctrine protects a lawyer's ability to prepare his client's case, protects against the disclosure of the attorney's mental impressions, conclusions, strategies, or theories, and also avoids the unfairness that would occur if one party were allowed to appropriate the work of another.").

Unable to credibly argue an entitlement to privileged communications, Plaintiff now takes the position that the Law Committee Members' emails are not privileged because they are housed on their respective Law Firm's servers.[5] This argument is meritless. The relevant questions are whether the purpose of the communications with the attorney was to provide legal advice (it was), and whether they were made in confidence. There is no question that neither the Club, nor the Law Committee members, had any intention of sharing or disclosing their communications to third parties, and both intended that they be kept confidential regardless of where the emails were stored. *See Matter of Modell*, 171 B.R. 510, 515 (S.D.N.Y. Bankr. 1994) (documents found to be privileged where client provided evidence that they were not shown to anyone else). Moreover, the work product protection attached to these emails does not disappear solely because the emails were saved on the Law Firms servers because there was no deliberate sharing of the work product with a third party. *See SEC v. Gupta*, 281 F.R.D. 169, 171 (S.D.N.Y. 2012) (recognizing that work product protection is waived in the Second Circuit where there is a "deliberate, affirmative, and selective use of privileged work-product materials by a party"). Indeed, were the Court to adopt Plaintiff's position, every entity would be required to establish a closed email system or run the risk that otherwise privileged emails, intended to be kept confidential and not voluntarily disclosed to anyone, would now be discoverable based solely on which email server they were housed.

For the foregoing reasons, the Court should grant the Club's request for a pre-motion conference and, following briefing, issue the requested protective order.

---

[4] In its subpoena cover letters, Plaintiff relies on the fact that the Law Firms did not have an engagement agreement with the Club, but that has no bearing on the attorney-client relationship *between the Law Committee Members and the Club*. *See Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596–97 (S.D.N.Y. 2015) ("While Chipotle does not have a formal engagement agreement with MSEC, that is not a requirement for the formation of an attorney-client relationship.").

[5] Again seeking to avoid having Judge Koba adjudicate these issues, Plaintiff has not advanced this argument in the State Court Action, instead asserting in its brief that it was "reserv[ing] its right" to do so after it completes its purported "investigation" of the issue.



Respectfully submitted,

YANKWITT LLP

By: _____
Russell M. Yankwitt
Jason M. Swergold

-and-

KEANE & BEANE, P.C.
Nicholas Ward-Willis, Esq.
Edward J. Phillips, Esq.
445 Hamilton Avenue, Suite 1500
White Plains, NY 10601

*Counsel for Old Oaks Country Club, Inc*

cc:    All counsel

By no later than **6/25/2026,** Plaintiff is directed to respond to Defendant Old Oaks Country Club's letter at ECF No. 67.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 67.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 6/23/2026