quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

July 19, 2026

MEMO ENDORSED

**<u>VIA ECF</u>**
Hon. Victoria Reznik
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *3086 Purchase LLC v. The Town/Village of Harrison et al.*, No. 7:25-cv-09917-JGLC-VR (S.D.N.Y.)

Dear Judge Reznik,

Plaintiff 3086 Purchase LLC ("Plaintiff") respectfully submits this letter, pursuant to Rule 5(b) of Your Honor's Individual Rules, seeking leave to file an amended complaint provisionally under seal. *See* Shah Decl. Ex. A (Sealed Amended Compl.); Shah Decl. Ex. B (Sealed Redline); Shah Decl. Ex. C (Sealed Proposed Redactions); Shah Decl. Ex. D (Public Redacted Complaint). The amended complaint contains information that Defendants have currently designated as confidential. Although the parties have not yet entered into a Protective Order, Plaintiff, out of an abundance of caution, seeks leave to file the amended complaint under seal in light of Defendants' confidentiality designations, while the parties proceed to meet and confer regarding the confidentiality status and potential de-designation of the documents. Plaintiff reserves all rights to move to de-designate Defendants' confidentiality designations and to oppose any request by Defendants to maintain under seal the purportedly confidential information.

This action arises from a coordinated retaliation campaign by the Town/Village of Harrison and its officials, in concert with private country club Old Oaks Country Club and its representatives, against Plaintiff, the owner of residential property at 3086 Purchase Street, Purchase, New York. Simultaneously with this letter motion, Plaintiff has filed a letter motion seeking leave to file an amended complaint based on newly discovered information and evidence. Certain allegations in the amended complaint arise from documents produced in discovery, which have been designated *en masse* as confidential. *See* Am. Compl. ¶¶ 54, 108-09, 200, 207, 223, 225(e).

Under the terms of the draft Protective Order, which the parties have not yet signed, *see* Shah Decl. Ex. E, ¶ 1, counsel "may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information." If a document is designated as confidential, it cannot be disclosed to "any person," except "[t]he Court" and other limited exceptions that do not apply. *Id.* ¶ 5. Per the draft Protective Order, it is not presumed that a document marked as confidential shall be filed under seal with the Court; rather, the parties must follow the Court's rules for sealing. *Id.* ¶ 10. As such, it is understood that the parties will take interim steps to prevent disclosure of information designated as confidential, even if it is not ultimately sealed by the Court.

Courts apply a three-step inquiry to determine whether a document may be filed under seal. "First, the court determines whether the filing is a 'judicial document'; second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors 'that legitimately counsel' against public access . . . . Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access." *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *1 (S.D.N.Y. Oct. 15, 2021) (citation omitted). At this pre-motion letter stage, in an abundance of caution and given the confidentiality designation currently applied to the documents at issue, Plaintiff respectfully requests that the Court provisionally permit the sealing of the information that Defendants have designated as confidential, pending the parties' conferral efforts on this issue. *See, e.g.*, *In re Subpoenas to Leeds Equity Partners and Jacques Galante*, 1:25-mc-00079-MKV, ECF No. 41 (S.D.N.Y. Apr. 18, 2025) (provisionally granting letter motion to seal pending resolution of motion to quash).

Plaintiff reserves all rights, including to subsequently move to de-designate the documents as confidential or to oppose Defendants' confidentiality designations, pending the outcome of the parties' conferral efforts.

Respectfully submitted,

Maaren A. Shah

*Attorney for 3086 Purchase LLC*

cc: Eric Leon (Latham & Watkins LLP)
Benjamin Naftalis (Latham & Watkins LLP)
Tyler Halloran (Latham & Watkins LLP)

For the reasons stated by Plaintiff above, its request to provisionally seal the proposed amended complaint (at ECF No. 76) is **GRANTED**.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 75.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 7/27/2026