USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

3086 Purchase LLC,

Plaintiff,

-against-

The Town/Village of Harrison, et al.,

Defendants.

----------------------------------------------------------------X

25-cv-09917-JGLC-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

Plaintiff 3086 Purchase LLC seeks a pre-motion conference about its proposed motion to compel nonparty Keane & Beane P.C. (K&B) "to run search terms over its documents." (ECF No. 90). For the reasons stated below, Plaintiff's request is DENIED. But the Defendants must provide limited disclosure about the search they conducted

**DISCUSSION**

In April 2026, Plaintiff served a subpoena on K&B that sought communications with officials from Defendant Town/Village of Harrison (The Town). (ECF No. 90 at 1). K&B produced roughly 144 documents in response to the subpoena. (*Id.*). Plaintiff now seeks to compel K&B to run proposed search terms across K&B's electronically stored information, provide hit counts, and confer with Plaintiff to refine the search protocol. (*Id.*).[1] Defendant Old Oaks Country Club, Inc. (Old Oaks)—which is represented by K&B and another law

[1] Plaintiff reiterated its arguments and request for relief in a subsequent letter reply filed after Defendant Old Oaks Country Club, Inc. opposed its initial letter motion. (ECF No. 92).

firm in this action—opposes Plaintiff's request and argues that K&B's search "reached all potentially relevant communications." (ECF No. 91).

The Federal Rules of Civil Procedure require parties and nonparties to conduct reasonable and proportional searches for responsive documents. *See* Fed. R. Civ. P. 26, 34; *Williams v. NYC Bd. of Elections*, 23-CV-5460 (AS (KHP), 2024 WL 2125435, at *3 (S.D.N.Y. May 13, 2024) (explaining that Rules 26 and 34 "require parties to conduct a reasonable search for documents that are relevant to the claims and defenses"). But they do not ordinarily entitle the requesting party to dictate how that search for responsive documents must be conducted. *See Hyles v. New York City*, No. 10 Civ. 3119 (AT)(AJP), 2016 WL 4077114, at *2–3 (S.D.N.Y. Aug. 1, 2016). The question is whether the search was reasonable and proportional, not whether a different method might have produced better results. (*Id.*).

According to Old Oaks, K&B identified the relevant custodians who interacted with the Town and conducted a "document-by-document" search of their communications with Town officials over an agreed-upon date range. (ECF No. 91 at 2–3). That search included known private email addresses used by Town officials where appropriate, and resulted in K&B producing 144 responsive documents. (ECF No. 91 at 1–3). Plaintiff identifies no Town official, email address, custodian, data source, or responsive communication that K&B omitted. Instead, it argues that an iterative "search term/hit count" process would provide greater visibility into the "adequacy" of K&B's production. (ECF

No. 90 at 1). But without some identified deficiency in K&B's production, that does not justify requiring K&B to conduct a second review of its ESI using Plaintiff's preferred methodology.

Courts recognize that search terms are a common tool for identifying responsive ESI and that parties should cooperate in developing search protocols. *See William A. Gross Constr. Assocs., Inc. v. Am. Mfrs. Mut. Ins. Co.*, 256 F.R.D. 134, 135–36 (S.D.N.Y. 2009). But those principles do not give the requesting party the right to choose the responding party's search methodology. *See Hyles*, 2016 WL 4077114, at *2–3 (explaining that responding party "can use the search method of its choice" and legal standard is whether search results were reasonable and proportional, not whether responding party used "best" tool (internal quotation marks and citation omitted)).

Plaintiff's authorities do not establish otherwise. In each, the parties were already using or negotiating search terms, and the hit counts were needed to evaluate the proposed searches and objections to them. *See In re Allergan PLC Sec. Lit.*, 18 Civ. 12089(CM)(GWG), 2020 WL 4034751, at *1 (S.D.N.Y. Mar. 30, 2020) (compelling defendants to provide plaintiff with hit counts for searches already run because parties already engaged in "negotiation process over search terms"); *William A. Gross Constr. Assocs., Inc.*, 256 F.R.D. at 134–35 (imposing search methodology after *both parties* submitted proposed search terms they wanted to use during ESI discovery); *Felder v. Warner Bros. Discovery, Inc.*, 23 Civ. No. 08487 (AT) (GS), 2025 WL 1718098, at *9–10

(S.D.N.Y. June 20, 2025) (compelling defendants to run ESI searches after parties raised dispute over 12 proposed searches and narrowed dispute to seven searches); *Sun v. Geffen*, 25 Civ. No. 995 (AT) (GS), 2026 WL 353608, at *2 (S.D.N.Y. Feb. 9, 2026) (resolving dispute after both parties submitted proposals with hit report and associated search terms). None imposes a freestanding obligation to generate hit counts when the responding party used a different search method.

Even so, a responding party must provide enough information about its search to permit meaningful assessment of the search's reasonableness. *See Michael Kors, L.L.C. v. Su Yan Ye*, 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019). The parties dispute whether K&B already provided adequate information about its custodians, sources, date range, and search methodology. The Court need not resolve that dispute.

Within seven days of entry of this Order, K&B shall identify: (1) the custodians searched; (2) the data sources or accounts searched; (3) the date range applied; (4) the Town officials whose communications were searched; and (5) the methodology used for the "document-by-document" search and review. K&B need not disclose privileged material, run Plaintiff's proposed search terms, or provide hit counts.

If, after receiving this information, Plaintiff identifies a specific deficiency in K&B's search—e.g., an omitted custodian, address, data source, or responsive communication—the parties must meet and confer in good faith about that

deficiency. This Order does not require K&B to conduct any particular supplemental search. If the parties cannot resolve the issue, Plaintiff may raise any remaining deficiency in accordance with the Court's Individual Practices.

**CONCLUSION**

Plaintiff's request to compel K&B to run Plaintiff's proposed search terms and provide hit counts is therefore DENIED. K&B shall, however, provide the search information specified above.

**SO ORDERED.**

DATED: White Plains, New York
8/19/2026

VICTORIA REZNIK
United States Magistrate Judge