USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
3086 Purchase LLC,
Plaintiff,

-against-

The Town/Village of Harrison, et al.,
Defendants.
--------------------------------------------------------------X

25-cv-09917-JGLC-VR

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

The Court directed the parties to "identify the witnesses they seek to depose and meet and confer in good faith about any disagreements regarding those depositions, including the number and identity of [the] proposed deponents." (ECF No. 98 at 2). They were also directed to submit a joint letter identifying the specific depositions still in dispute and updating the Court "about any remaining disputes." (*Id.*). Plaintiff 3086 Purchase LLC and Defendant Town/Village of Harrison submitted a joint letter (ECF No. 104), and Defendant Old Oaks submitted their own, after the Court granted them an extension to do so. (ECF No. 106). The Court addresses the parties' disputes below.

## DISCUSSION

1. Number and Identity of Deponents

The parties disagree about how many depositions Plaintiff may take and whom it may depose. Plaintiff seeks twelve depositions: six from the Town, three from Old Oaks, and three from non-parties. (ECF No. 104 at 1–4). The

Town wants to stay discovery altogether. (*Id.* at 6–8). And Old Oaks says Plaintiff should be limited to ten depositions and should start with its corporate representative before deposing the Club President (Weinberg) and Club Superintendent (Anderson). (ECF No. 106 at 1–4).

By default, each party may take ten depositions without leave of Court. Fed. R. Civ. P. 30(a)(2)(A)(i). Rule 26(b)(2)(C) requires courts to limit discovery when, among other things, (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1) [that is, the discovery must be proportional to the needs of the case]." *See* Fed. R. Civ. P. 26(b)(2)(C) (governing when court must limit frequency or extent of discovery). Courts also generally decline to authorize more than ten depositions before the moving party has exhausted those permitted as of right. *In re Actos Antitrust Litig.*, 639 F. Supp. 3d 453, 455 (S.D.N.Y. 2022) ("Courts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A) or the number stipulated to by the opposing party." (citation modified)).

Here, no depositions have been taken yet, and document production remains ongoing. Thus, Plaintiff cannot yet show that the ten depositions permitted as of right will be inadequate, much less that the additional

depositions would be noncumulative and proportional to the needs of the case. And "the mere fact that there are several individuals who may possess relevant information does not necessarily entitle a party to examine each of them." *Id.* (citation modified). On this record, Plaintiff has not shown a need for more than ten depositions. Its request is therefore denied without prejudice to renewal if later discovery warrants it. *Id.* (allowing party to seek leave to take additional deposition after exhausting court-imposed limit).

As to deponent identity, Old Oaks objects to Plaintiff deposing Weinberg and Anderson before its corporate representative. (ECF No. 106 at 2–4). Plaintiff calls both witnesses "key to its case." (ECF No. 104 at 3). Anderson allegedly held numerous meetings with the Town about Old Oaks' violations of Town Code, "making him a likely source of the alleged collusion" (*id.*), while Weinberg is the Old Oaks officer allegedly "most likely to have high-level contacts between the Town and Old Oaks." (*Id.*). The Court agrees with Old Oaks as to Weinberg, at least for now. Plaintiff offers no concrete basis to conclude that Weinberg has unique personal knowledge unavailable from Old Oaks' corporate representative or other, less burdensome sources. Old Oaks also invokes the apex doctrine because Weinberg is its highest-ranking officer. *See Harapeti v. CBS Television Stations Inc.*, No. 21 Misc. 680 (PAE), 2021 WL 3932424, at *2 (S.D.N.Y. Sept. 2, 2021). The Court need not decide on this limited record whether that doctrine applies. Instead, Plaintiff must first take Old Oaks' Rule 30(b)(6) deposition. That deposition and other discovery may

establish a concrete basis to depose Weinberg, or it may show that his testimony would be cumulative or unnecessary. Plaintiff's request to depose Weinberg is therefore denied without prejudice to renewal if the 30(b)(6) deposition or other discovery shows that Weinberg has relevant personal knowledge and that his deposition would not be unreasonably cumulative or duplicative.

The Court reaches a different conclusion as to Anderson. Old Oaks has not made the same apex argument as to him, and Plaintiff has identified a specific reason to believe that he has relevant personal knowledge. (ECF No. 104 at 3). Plaintiff may therefore depose Anderson as one of its ten witnesses. But if Plaintiff later seeks more than ten depositions, the Court will consider whether the additional testimony would be cumulative or duplicative.

Old Oaks also asks the Court to restrict the deposition of Nick Ward-Willis, one of its lawyers, because some questions may intrude on attorney-client privilege or work product. Plaintiff, however, says it intends at minimum to ask about Ward-Willis's communications with Town officials (ECF No. 104 at 3–4), which Old Oaks does not appear to argue are privileged. Plaintiff has also identified evidence suggesting that Ward-Willis personally communicated with Town officials about the events at issue. (*Id.*). A categorical bar is therefore unwarranted. Before the deposition, the parties must meet and confer about the proposed topics and any specific privilege or work-product concerns. If a dispute remains, they may raise it with the Court under my individual rules. The

parties may also make appropriate privilege and work-product objections during the deposition.

2. The Town's Request for a Stay

The Town asks the Court to stay discovery until the criminal proceeding against Plaintiff pending in the Town/Village Justice Court of Harrison is resolved. (ECF No. 104 at 7). Judge Clarke has twice denied requests to stay discovery. (ECF Nos. 45, 55). The Town is right that discovery has reached a new stage: Plaintiff now seeks depositions, including that of Andrea Rendo, who is prosecuting the related Justice Court proceeding. And the Court takes seriously the Town's concern that civil discovery should not be used to circumvent limits on criminal discovery. But those concerns do not justify staying all discovery. The Town has not shown why targeted protections cannot address any concrete risk to the criminal proceeding while allowing this case to move forward. Its request for a blanket stay is therefore denied. If the Town believes that specific topics or questions in Rendo's deposition would reveal prosecution strategy, mental impressions, or material that Plaintiff could not obtain through criminal discovery, the parties must meet and confer. If they cannot resolve the dispute, they may seek targeted relief under my individual rules.

3. Other remaining discovery issues

The parties raise several other discovery disputes, but none is ripe for decision. Plaintiff challenges the document productions by Old Oaks, Keane &

Beane, and Patrick Cleary. (ECF No. 104 at 4–6). But Plaintiff acknowledges that it is still meeting and conferring with Old Oaks and Cleary. And Keane & Beane provided a new response in its letter to the Court that the parties have not yet discussed. Plaintiff's request to compel further Keane & Beane searches, and Keane & Beane's request for a ruling that no further review is required, are therefore denied without prejudice as premature. As for Old Oaks, the parties' principal dispute appears to be how documents produced in the related state action should be treated here. They must continue to meet and confer on that issue.

The parties also raise privilege and privilege log disputes. Plaintiff wants Old Oaks to provide a privilege log that includes communications with outside counsel Keane & Beane, but says the parties are still meeting and conferring about that issue. (*Id.* at 6). The Town, for its part, argues that Plaintiff has improperly withheld or redacted numerous communications among Plaintiff's members, consultants, and attorneys as privileged. It also argues that no depositions should proceed until those privilege disputes are resolved. (*Id.* at 8). But Plaintiff did not address the Town's privilege objections in its portion of the letter, and it is unclear whether the parties have met and conferred about them. The Court will not decide those privilege questions on this record. Nor has the Town shown that all depositions must wait until every privilege dispute is resolved.

The parties must therefore meet and confer about the remaining document production, privilege, and privilege log disputes and submit a joint letter by September 18, 2026, updating the Court on the status of those remaining disputes.

## CONCLUSION

Plaintiff may take up to ten depositions at this time. It may renew its request for additional depositions if later discovery warrants them. Plaintiff may depose Anderson as one of those ten witnesses. It may not depose Weinberg until after Old Oaks' Rule 30(b)(6) deposition, but may renew that request if later discovery shows that Weinberg's deposition is warranted. Plaintiff may depose Ward-Willis subject to the protections described above.

The Town's request for a blanket stay is denied.

The parties must meet and confer on the remaining document-production and privilege disputes and submit a joint letter by September 18, 2026, updating the Court on the status of those remaining disputes.

**SO ORDERED.**

DATED: White Plains, New York
9/9/2026

VICTORIA REZNIK
United States Magistrate Judge