quinn emanuel trial lawyers | new york
295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

November 4, 2026

MEMO ENDORSED

**VIA ECF**
Hon. Victoria Reznik
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *3086 Purchase LLC v. The Town/Village of Harrison et al.*, No. 7:25-cv-09917-JGLC-VR (S.D.N.Y.)

Dear Judge Reznik,

Plaintiff 3086 Purchase LLC and Defendants Town/Village of Harrison ("Town"), Andrea Rendo, and Rocco Germani (together with the Town, "Town Defendants") submit this joint status letter pursuant to the Court's October 6, 2026 order. ECF No. 128. By letter dated October 5, 2026, the parties requested that the October 7 discovery conference be adjourned and discovery and other proceedings be stayed through November 4, 2026 to pursue settlement. On October 6, the Court granted the request, canceled the conference, stayed discovery until November 4, and directed the parties to submit a joint letter by that date addressing settlement and any remaining discovery disputes. *Id.* The parties have not reached a settlement, and Plaintiff seeks to proceed with discovery on the schedule proposed below.

On September 30, 2026, Judge Clarke entered her ruling on all Defendants' motions to dismiss. Her ruling permitted Plaintiff's equal protection claim concerning the June 2024 summons and First Amendment retaliation claim concerning the November 2024 summons to proceed against the Town Defendants. ECF No. 126. All claims against Old Oaks Country Club were dismissed. Rendo's immunity from damages does not extend to Plaintiff's claims for injunctive relief. *Id.* at 17. Discovery is currently stayed until November 4. ECF No. 128.

**Plaintiff's Position and Defendant's Response**

The outstanding discovery issues pertaining to the Town remain substantially as described in Plaintiff's prior submissions. *See* ECF No. 104 at 6; No. 111 at 4–5; No. 121 at 1–3. In particular, Plaintiff seeks production of the following discovery, which is relevant to the surviving claims, in advance of the commencement of the remaining depositions:

1. **Cleary's production.** Patrick Cleary's responsive documents remain unproduced. Plaintiff seeks collection and production of responsive materials from his mobile device and identified personal email accounts using the agreed search terms. As the Town Planner, Cleary is a key witness. The Town makes no serious effort to dispel Cleary's involvement in matters material to this case. He falsely certified Old Oaks' October 7, 2024 application to the Town Planning Board as complete. *See* Am. Compl, ECF No. 77-

4, ¶¶ 52-54. Discovery has revealed that he was present at countless meetings between the Town and Old Oaks regarding Old Oaks' violations. Worse, he personally wrote the now overturned determination by the building inspector that Old Oaks did not need a special use permit—which was unanimously overruled by the ZBA in Plaintiff's favor. *Id.* The Town's lax approach to Old Oaks' illegal construction—which was overseen by Cleary in many respects—was the very issue that precipitated the Article 78 petition, which prompted the Town to retaliate against Plaintiff by issuing the November Summons. Cleary's involvement throughout is therefore relevant to Plaintiff's claims for selective and retaliatory enforcement. And he is on numerous emails with the Town's law department regarding Plaintiff. The Town objects to this demand as Cleary has nothing to do with the prosecution in the Justice Court and the decision to prosecute the Plaintiffs.

2. **Cleary's memoranda and agendas.** The Town has not cured the unexplained redactions to planning memoranda and meeting agendas concerning Old Oaks. Plaintiff seeks the relevant unredacted portions or an adequate explanation and privilege log. ECF No. 111 at 4–5. The Town objects to this production and will have a further meet and confer on this issue to the extent any documents even tangentially related to the remaining claims exist. The current requests for production to Cleary have no relationship to the Justice Court prosecution.
3. **K&B subpoena response.** Plaintiff seeks supplemental collection and review to cure the specific deficiencies identified in ECF No. 111 at 1–3: confirmation that Jennifer Gray's files were searched, searches for texts using the identified Town officials' numbers, and production of missing responsive communications. Based on those identified omissions, Plaintiff also renews its request for the narrow search-term hit report for November 1 through December 15, 2024. These requests concern communications with Town personnel bearing on the surviving claims. *See* ECF No. 97 at 4–5; No. 111 at 1–3.

Plaintiff notes that the dismissal of Old Oaks does not eliminate the relevance of its involvement in the Town's prosecution of Plaintiff. We respectfully note that the Court characterized the document titled "Old_Oaks_Affirmation_for_AR," which was exchanged between Defendant Rendo and former Town attorney Mitch Baker (from his personal law firm email address, not a Town-affiliated email address) and marked as privileged, as akin to a witness supplying information to law enforcement. ECF No. 126 at 25. But the document was in fact a draft of Defendant Rendo's own affirmation that was submitted by her personally in prosecuting Plaintiff—not a statement from Old Oaks or a witness from Old Oaks. See ECF No. 76-1 ¶ 108. Old Oaks' apparent participation in preparing the prosecutor's own submission raises questions about its role in shaping the Town's enforcement decisions and the Town's motives, which remain relevant to the surviving claims. Plaintiff therefore continues to seek K&B's responsive communications with Town officials and Mr. Ward-Willis's nonprivileged testimony concerning that involvement.

Plaintiff withdraws its requests to compel compliance with the subpoenas to Alston & Bird LLP and Simpson Thacher & Bartlett LLP.

In terms of depositions, Mitchell Baker was deposed on September 18, Justin Hamill on September 24, and Jason Anderson on September 28. Plaintiff no longer seeks Old Oaks' corporate deposition or Fred Well's deposition. No depositions of the Town's noticed deposition witnesses have yet taken place. Plaintiff still intends to take the following depositions directed to the surviving claims:

1. **Andrea Rendo:** knowledge of Plaintiff's protected activity and the challenged enforcement decisions, subject to the Court's immunity ruling and applicable privileges.

2. **Rocco Germani:** enforcement decisions concerning both properties and instructions for the November inspection.

3. **Brian O'Kelly:** the November inspection, observations and measurements, instructions received, and basis for the summons.

4. **Patrick Cleary:** Old Oaks' application and cure process, communications with Town officials, and knowledge of the threatened Article 78 proceeding.

5. **The Town's Rule 30(b)(6) representative:** enforcement and cure practices and the reasons for the different treatment of the two properties.

6. **Nicholas Ward-Willis:** nonprivileged communications with the Town concerning the inspection and November summons, and Rendo's affirmation. The Court previously permitted this deposition, subject to a meet and confer about the proposed topics and specific privilege or work-product concerns. ECF No. 108 at 4.

7. **Matthew Fitzgerald:** the February 2024 violations, June 2024 summons, and enforcement and cure practices concerning the two properties.

Plaintiff reserves the right to add or select other witnesses in place of those listed above, subject to the Court's ten-deposition limit.

Plaintiff seeks prompt completion of outstanding document production and an expedited schedule for the remaining depositions. Plaintiff proposes the following deadlines:

| Discovery step | Proposed deadline |
|---|---|
| Outstanding Town, Cleary, and K&B production and privilege explanations | November 13, 2026 |
| Completion of fact discovery, including depositions | December 4, 2026 |
| Post-fact discovery joint status letter | December 11, 2026 |
| Plaintiff's expert disclosures, if needed | December 11, 2026 |
| Defendants' expert disclosures, if needed | January 4, 2027 |
| Completion of expert discovery | January 15, 2027 |
| Post-expert discovery joint status letter | January 22, 2027 |

Plaintiff proposes retaining the agreement that contention interrogatories may be served up to 30 days before the close of fact discovery and answered 15 days after the close of expert discovery. ECF No. 121 at 8.

**Defendant's Depositions**

The Defendants intend to depose Mrs. Hamill. Plaintiff does not object to the deposition of Mrs. Hamill.

Respectfully submitted,

*Maaren A. Shah*
Maaren A. Shah
QUINN EMANUEL URQUHART & SULLIVAN LLP
295 Fifth Avenue, 9th Floor
New York, New York 10016
(212) 849-7000
maarenshah@quinnemanuel.com

*Steven Harfenist*
Steven Jay Harfenist
HARFENIST KRAUT & PERLSTEIN LLP
3000 Marcus Avenue, Suite 2E1
Lake Success, New York 11042
(516) 355-9600
sharfenist@hkplaw.com

*Attorneys for The Town/Village of Harrison, Andrea Rendo, and Rocco Germani*

Eric F. Leon
Benjamin Naftalis
Tyler M. Halloran
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 906-1200

eric.leon@lw.com
benjamin.naftalis@lw.com
tyler.halloran@lw.com

*Attorneys for 3086 Purchase LLC*

The parties' request to revise the discovery deadlines listed above is **GRANTED**. The Court will separately enter the proposed revised Case Management Plan submitted by the parties with some slight modifications. The Court will also separately issue an order scheduling a Discovery Conference with the parties to resolve the disputes raised in this letter.

SO ORDERED.

Hon. Victoria Reznik, U.S.M.J.

Dated: 11/6/2026